# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Algie Neal,

    Plaintiff(s),

vs.

GMT Care LLC,

    Defendant(s).

2:25-cv-01176-APG-NJK

**Order Setting Mediation**
Date: October 9, 2025
Time: 9:00 a.m.

  The Court sets an Early Neutral Evaluation ("mediation") for **9:00AM on October 9, 2025, in the chambers of the undersigned judge on the 4th Floor (Suite 4068)** and orders the parties to submit a confidential mediation statement. Counsel shall email the confidential mediation statements to Court_MDC@nvd.uscourts.gov no later than 4:00 p.m. seven days before the session. See LR 16-6(f). The purpose of the statement is to assist the undersigned Magistrate Judge in preparing for and conducting the mediation session. To facilitate a meaningful mediation session, your utmost candor in responding to all of the below-listed mediation statement topics is required. The mediation statement is confidential and will not be shared with the other side. If this case does not settle, the mediation statement will not be disclosed to the judge who ultimately presides over the trial. Each statement will be securely maintained in my chambers and will be destroyed following the mediation.

  All principal counsel of record who will be participating in the trial and who have full authority to settle this case, all parties appearing pro se, if any, and all individual parties must be present. In the case of non-individual parties, counsel of record shall arrange for an officer or representative with binding authority to settle this matter up to the full amount of the claim or most recent demand to be present for the duration of the mediation. If any party is subject to coverage by an insurance carrier, then a representative of the insurance carrier with authority to settle this matter up to the full amount of the claim or most recent demand must also be present for the duration of the mediation. This representative

must be the adjuster primarily responsible for the claim or an officer with supervisory authority over that adjustor. Third party administrators do not qualify. Counsel of record, individual parties, and a fully authorized representative must attend the mediation unless the Court enters an order granting a request for exception. Any party that needs to appear remotely may file and serve a motion or stipulation requesting remote appearance no later than three (3) weeks prior to the mediation and must show good cause for remote appearance. Any oppositions to a motion requesting remote appearance shall be filed within one (1) week after the motion is filed and served. Untimely motions or stipulations will not be considered absent extraordinary circumstances and a showing of excusable neglect.

The parties must have exchanged: (1) Fed. R. Civ. P. 26(a)(1) initial disclosures; and (2) calculation of damages <u>prior</u> to the mediation.

## PREPARATION FOR MEDIATION

In preparation for the mediation, the attorneys for each party shall submit a confidential mediation statement for in-camera review. **The confidential mediation statement shall be no more than ten pages and shall be delivered in searchable Portable Document Format (PDF). Any exhibits in support of the confidential mediation statement must also be in searchable PDF.** Any exhibits in support of the confidential mediation statement must also be in searchable PDF. Other types of multi-media exhibits, such as videos, must be submitted to the Court on a thumb drive or a CD.

### THE CONFIDENTIAL MEDIATION STATEMENT SHALL CONTAIN AND ADDRESS EACH OF THE FOLLOWING:

1. Identify by name or status the person(s) with decision-making authority who, in addition to the attorney, will attend the mediation session as representative(s) of the party, and persons connected with a party opponent (including an insurer representative) whose presence might substantially improve the utility of the mediation session or the prospects of settlement;

2. Describe briefly the substance of the suit, addressing the party's views on the key liability and damages issues;

3. Address whether there are legal or factual issues whose early resolution would reduce significantly the scope of the dispute or contribute to settlement negotiations;

4. Include copies of documents, pictures, recordings, etc. out of which the suit arose, or whose availability would materially advance the purposes of the evaluation session (e.g., medical reports, documents by which special damages might be determined). Please limit the number of exhibits to what is necessary;

5. Discuss the strongest and weakest points of your case, both factual and legal, including a candid evaluation of the merits of your case; A further discussion of the strongest and the weakest points in your opponent's case, but only to the extent that they are more than simply the converse of the weakest and the strongest points in your case;

6. Estimate the costs (including attorney's fees and costs) of taking this case through trial;

7. Describe the history of any settlement discussions and detail the demands and offers that have been made and the reason settlement discussions have been unsuccessful;

8. Certify that the party has made initial disclosures under Fed. R. Civ. P. 26(a)(1) and that the plaintiff has provided a computation of damages to the defendant under Fed. R. Civ. P. 26(a)(1)(A)(iii);

9. The settlement proposal that you would honestly be willing to make to conclude this matter and stop the expense of litigation.

ACCORDINGLY,

**IT IS ORDERED that:**

1. An in-person mediation session is scheduled for **9:00AM on October 9, 2025, in the chambers of the undersigned judge on the 4th Floor (Suite 4068).** A request for an exception to the above attendance requirements must be filed and served no later than three (3) weeks prior to the mediation and must show good cause for remote appearance. Any party that needs to appear remotely may file and serve a motion or stipulation requesting remote appearance no later than three (3) weeks prior to the mediation and must show good cause for remote appearance. Any oppositions to a motion requesting remote appearance shall be filed within one (1) week after the motion is filed and served. Untimely motions or stipulations will not be considered absent extraordinary circumstances and a showing of excusable neglect.

2. Counsel shall email the confidential mediation statements to Court_MDC@nvd.uscourts.gov no later than 4:00 p.m. seven days before the session. See LR 16-6(f). **DO NOT SERVE A COPY OF THE CONFIDENTIAL MEDIATION STATEMENT ON OPPOSING COUNSEL. DO NOT DELIVER OR MAIL COPIES TO THE CLERK'S OFFICE.**

    a. Any request for an extension of time to submit the confidential mediation statement must be made in the form of a motion or stipulation and <u>filed</u> on the docket by 4:00 p.m. at least one day before the deadline to submit the confidential mediation statement.

    b. Any untimely requests for an extension of time to submit the confidential mediation statement must be supported by a declaration or affidavit of counsel showing both good cause and excusable neglect.

3. **No mediation will be conducted in cases subject to arbitration. Parties to cases subject to mandatory arbitration, as well as parties who agree to arbitrate, must notify the Court of the same no later than seven days after the date of this Notice. Failure to do so may result in sanctions.**

4. **If parties reach settlement prior to the mediation, parties must send a notification of settlement to Court_MDC@nvd.uscourts.gov, notifying the Court that settlement was reached and when settlement documents are expected to be filed. This ensures that the Court can timely vacate the mediation.**

5. **Failure to abide by this Order, including without limitation, failure to timely submit the confidential mediation statement, may result in sanctions and/or a finding that the offending party did not participate in good faith.  Sanctions may include, without limitation, paying costs and fees to the opposing party.**

IT IS SO ORDERED.

Dated this 28th day of July 2025.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge