# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Algie Neal,

      Plaintiff(s),

v.

GMTCare, LLC,

      Defendant(s).

Case No. 2:25-cv-01176-APG-NJK

**Order**

[Docket No. 20]

Pending before the Court is Plaintiff's motion to compel. Docket No. 20.[1] Defendant filed a response in opposition. Docket No. 21. No reply was filed. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provide discovery, the requesting party may move to compel it. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why the discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

The dispute before the Court is whether Defendant must provide contact information for four of Defendant's former employees as sought in Plaintiff's request for production 1. Docket No. 20 at 2-3; *see also id.* at 8. In responding to that request, Defendant asserted that such

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

disclosure would be improper without agreed-upon confidentiality protections. *Id.* Defendant also represented that it would meet-and-confer regarding disclosure of contact information subject to confidentiality safeguards. *Id.* Although Defendant now attempts to change gears,[2] the Court agrees with its initial position that the information is discoverable subject to confidentiality protections. It is not clear why the parties have not engaged in discussions regarding those confidentiality protections so that this information can be provided.

Accordingly, the motion to compel is **GRANTED** as follows. The parties must confer on confidentiality protections. Once such protections are in place, Defendant must provide the contact information that is within its possession, custody, or control as to these four former employees. Defendant must provide the contact information within seven days of entry of the confidentiality protections. Plaintiff seeks the contact information to depose the former employees. Docket No. 20 at 2. Discovery will close as a general matter on January 19, 2026. *See* Docket No. 17.[3] Nonetheless, Plaintiff is permitted to depose the four identified former employees by March 20, 2026. The Court extends the dispositive motion deadline to April 20, 2026, and the joint proposed pretrial order deadline to May 19, 2026.[4]

IT IS SO ORDERED.

Dated: January 16, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The Court is not persuaded by Defendant's cursory contentions that it is not required to provide the contact information, argument that is not well-developed and is not consistent with its actual response to the discovery request. *See* Docket No. 21 at 3-4. The Court is also not persuaded by Defendant's contention concerning the lack of a meet-and-confer given that Plaintiff appears to have attempted to confer and the issue appears primed for resolution at any rate. *Cf. V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 302 (D. Nev. 2019).

[3] The deadlines to amend, to add parties, for initial experts, and for rebuttal experts are closed and remain closed. *See* Docket No. 17.

[4] It appears the motion may intend to seek relief beyond what is discussed herein. Any other relief is denied without prejudice to bringing a separate motion supported by points and authorities, as well as meaningful argument. *See, e.g.*, Local Rule IC 2-2(b).

2