# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Algie Neal,

      Plaintiff,

v.

GMTCare, LLC,

      Defendant.

Case No. 2:25-cv-01176-APG-NJK

**Order**

[Docket No. 23]

Pending before the Court is Plaintiff's motion to supplement disclosures. *See* Docket No. 23.[1] Defendant filed a response in opposition. Docket No. 24. No reply was filed. The Court does not require a hearing. *See* Local Rule 78-1.

The motion and the response are both predicated on fundamental misunderstandings of the rules and the law.[2] First, if a party learns that disclosures are incomplete or inaccurate, the party must supplement the disclosures. Fed. R. Civ. P. 26(e).[3] <u>Leave of court is not required to supplement disclosures</u>. *See, e.g.*, *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 240 n.1 (D. Nev. 2017). Second, Rule 26(e) "does not limit the time for supplementation of prior disclosures to the discovery period." *Dayton Valley Investors, LLC v. Union Pac. R. Co.*, 2010 WL 3829219, at *3 (D. Nev. Sept. 24, 2010). Hence, "[t]here is no bright line rule that such supplementation is improper if made after the expert disclosure deadline or even after the close of discovery." *Silvagni*, 320 F.R.D. at 241. Third, litigants cannot generally seek affirmative relief tucked within an opposition brief. *See* Local Rule IC 2-2(b). Seeking to exclude information as improperly

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although at times referencing different forms of relief, the explicitly listed relief sought in this motion is to supplement disclosures. *See* Docket No. 23 at 7.

[2] Even when the parties do not do so, the Court has its own duty to correctly articulate and apply the law. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

[3] There is no need to formally "supplement" disclosures if the information has otherwise been made known to the opposing party during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(A).

1

disclosed is a harsh sanction that warrants the filing of a proper motion supported by fulsome analysis. *See Silvagni*, 320 F.R.D. at 243.

In light of the legal discussion provided above, the Court **DENIES** as unnecessary Plaintiff's motion to supplement disclosures.[4]  If Plaintiff has not already made all of this information known to Defendant in writing or through discovery, Plaintiff must promptly serve supplemental disclosures.  If Defendant objects to the supplemental disclosures and seeks their exclusion, Defendant must file a proper motion seeking that relief with fulsome analysis.[5]

IT IS SO ORDERED.

Dated: March 23, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] The Court resolves herein only the core issue in dispute regarding Plaintiff supplementing disclosures.  *See* Local Rule IC 2-2(b).  If Plaintiff seeks other relief, he must file a new request.  The Court also declines to address every issue raised by Defendant, *see, e.g.*, Docket No. 24 at 3 (raising argument as to a meet-and-confer), and any argument raised by Defendant that is inconsistent with the outcome of this order has been rejected implicitly, *see, e.g.*, *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1099 (D. Nev. 2022).  The Court denies Defendant's ill-developed request for attorneys' fees.  *See* Docket No. 24 at 6.

[5] Before filing such a motion, defense counsel may wish to review the undersigned's order in *Silvagni*, as it may contain pertinent discussion.